IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROBERT SMITH, ) | |
| ) | |
| Movant, ) | |
| ) | No. 2:19-cv-02466-TLP-tmp |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING AND DISMISSING MOTION UNDER 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Movant Robert Smith[1] moves under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (ECF Nos. 1 & 6.) The United States responded in opposition (ECF No. 8), and Movant replied. (ECF No. 9). For the reasons below, the Court **DENIES** and **DISMISSES** Movant's § 2255 Motion.

## BACKGROUND

**I.    Movant's Criminal Case**

A federal grand jury in the Western District of Tennessee charged Movant with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*See United States v. Smith,* No. 2:18-cr-20021-TLP, ECF No. 1.) And after the Court held a plea colloquy, Movant pleaded guilty. (*Id.* at ECF Nos. 21 & 22.) The Court sentenced Movant to

---

[1] Movant is an inmate incarcerated at the United States Penitentiary in Atlanta, Georgia. His Bureau of Prisons register number is 30674-076.

incarceration for 98 months, followed by supervised release for 3 years. (*Id.* at ECF Nos. 31 & 33.)

Movant then appealed the sentence, challenging (1) this Court's decision to apply a sentence enhancement, and (2) the Court's written judgment. (*Id.* at ECF No. 34.) The Sixth Circuit affirmed in part and remanded in part. (*Id.* at ECF No. 40.) First, the Sixth Circuit affirmed this Court's application of a four-level enhancement to Movant's offense level for possessing a firearm in connection with another felony offense. (*Id.* at PageID 217.) Second, the Sixth Circuit remanded the case only for this Court to amend its written judgment to conform to its oral sentence. (*Id.* at PageID 217, 220–21.) And so this Court amended its judgment. (*See id.* at ECF No. 45.)

Now the Court turns to Movant's § 2255 Motion.

## II.     Movant's § 2255 Motion

Movant seeks habeas relief under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). He claims that he is actually innocent of violating 18 U.S.C. § 922(g)(1) based on the holding in *Rehaif*. He claims the Supreme Court created a new rule of constitutional law made retroactive on collateral review in its decision. (ECF Nos. 1 at PageID 1; 6 at PageID 20–22.) He argues that he did not know that the firearm had traveled in or affected interstate commerce before he possessed it. (*Id.*) He therefore argues that he is "similarly situated" to the defendant in *Rehaif*, and that the Court should immediately release him. (*Id.*) He also claims that his counsel was ineffective for failing to directly appeal that question.[2] (*See* ECF No. 6 at PageID 19.)

---

[2] It is not clear from the § 2255 Motion what, exactly, Movant asked his counsel to appeal. (*See* ECF No. 6 at PageID 19.)

The Government responded, arguing that (1) Movant's ineffective assistance of counsel claim fails because his counsel did appeal, and (2) his *Rehaif* claims are without merit. (ECF No. 8 at PageID 33–34.) Movant replied, arguing that his counsel was ineffective because counsel failed to tell him that knowledge of his status was an essential element of the offense.[3] (ECF No. 9 at PageID 43–44.) He also claims that he did not voluntarily and intelligently enter his guilty plea, because no one told him that about the statute's "knowledge" requirement. (*Id.* at 45–48.) He further claims that his indictment is "jurisdictionally defective" because it failed to allege the "knowledge of status" element. (*Id.* at PageID 49.)

## ANALYSIS

Under 28 U.S.C. § 2255,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

After a movant makes a § 2255 motion, the Court reviews it and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). The petitioner has the

---

[3] Movant's reply was untimely, but the Court accepts it as a clarification of his arguments under *Rehaif*.

3

burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Next the Court considers Movant's claims.

**I.      Movant's Claims**

**A.      Movant's Ineffective Assistance of Counsel Claim**

The standards from *Strickland v. Washington* control a claim that ineffective assistance of counsel deprived a defendant of his Sixth Amendment right to counsel. 466 U.S. 668, 687 (1984). To succeed on this claim, a movant must show that (1) counsel's performance was deficient, and (2) "that the deficient performance prejudiced the defense." *Id*.

To establish deficient performance, a person challenging a conviction "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering such a claim must apply a "strong presumption" that counsel's representation was within the "wide range of reasonable professional assistance." *Id.* at 689. Plus, it is the challenger's burden to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

In his reply, Movant argues that, because of the Supreme Court's decision in *Rehaif*, his counsel was ineffective at trial and sentencing. (ECF No. 9 at PageID 43–45.) Of course, Movant did not go to trial, he entered a guilty plea. He alleges that his counsel was deficient because he failed to tell him "that knowledge of his status was an essential element of the offense." (*Id.* at PageID 44.)

This Court accepted Movant's guilty plea and sentenced him before the Supreme Court decided *Rehaif*. And the reasonableness of counsel's representation is based on prevailing professional norms at that time of the representation. *See Strickland*, 466 U.S. at 688. Plus, counsel is not expected to anticipate or foresee a future Supreme Court decision. *See Nichols v.*

4

*United States*, 563 F.3d 240, 253 (6th Cir. 2009).  This holds true in the specific context here.  The Sixth Circuit has ruled that counsel is not ineffective when thy failed to raise an issue about knowledge of one's status as a felon before the *Rehaif* decision.  *See United States v. Collins*, No. 5:18-172-DCR, 2020 WL 3100019, at *3 (E.D. Ky. June 11, 2020) ("[E]ven if [counsel] could have potentially raised a *Rehaif*-based argument in this case, [movant] has provided no indication that he reasonably should have been expected to do so"); *see also United States v. Caraballo*, No. 1:18 CR 450, 2020 WL 4432941, at *3 (N.D. Ohio July 31, 2020) ("[B]ecause *Rehaif* was not decided at the time of the plea, counsel could not have been ineffective for failing to anticipate a change in the law").  With all this in mind, the Court finds that Movant's counsel was not constitutionally deficient under *Strickland*.  His ineffective assistance of trial counsel claim fails.

Movant also claims that he asked his lawyer "to file a direct appeal and she did not." (ECF No. 6 at PageID 19.)  And yet, he acknowledges in his reply that his lawyer *did* appeal the decision, stating that "Mr. Smith timely appealed to the Sixth Circuit Court of Appeals." (*See* ECF No. 9 at PageID 39.)  What is more, the record shows that Movant's attorney filed a notice of appeal on July 30, 2018 (*see* Cr. No. 18-20021, ECF No. 34), and that this Court amended its written judgment after the Sixth Circuit issued its opinion and remanded the case. (*See id.* at ECF No. 40 at PageID 217, 221; ECF No. 45.)

Because Movant's counsel appealed, and there is no evidence that counsel's "representation fell below an objective standard of reasonableness," the Court finds that Movant's ineffective assistance of appellate counsel claim lacks merit.  *See Strickland*, 466 U.S. at 688.

### B. Movant's *Rehaif* Claims

#### i. Movant's Claim That He Did Not Know the Firearm Travelled in Interstate Commerce

Movant argues that this Court should release him based on the Supreme Court's decision in *Rehaif*. 139 S. Ct. at 2200. There, the defendant violated 18 U.S.C. § 922(g)(5), which prohibits the possession of firearms by persons who are "illegally or unlawfully in the United States." 18 U.S.C. § 922(g)(5)(A). But the section's penalty provision penalizes persons who "knowingly" violate § 922(g). 18 U.S.C. § 924(a)(2). On appeal, the defendant argued that the trial judge "erred in instructing the jury that it did not need to find that he knew he was in the country unlawfully." 139 S. Ct. at 2195.

The Supreme Court found that "[t]he term 'knowingly' in § 924(a)(2) modifies the verb 'violates' and its direct object, which in this case is § 922(g)," and so "[t]he proper interpretation of the statute thus turns on what it means for a defendant to know that he has 'violate[d]' § 922(g)." The Court explained that,

> § 922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, "being an alien ... illegally or unlawfully in the United States"); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").

*Id.* at 2195–96.[4] The Court further held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[5]

---

[4] The Supreme Court emphasized that "[w]e express no view . . . about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here." *Id.* at 2200.

[5] The Supreme Court's decision in *Rehaif* did not, however, "graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *Matthews v. United States*, No. 19-2091, 2020 WL

6

139 S. Ct. at 2200. But the Court found that the word "knowingly" does not apply to the jurisdictional element—whether the firearm affected interstate commerce. *Id.* at 2196 ("Because jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject to the presumption in favor of scienter.").

Movant here pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). And he now claims that he did not know that the firearm affected interstate commerce. (ECF No. 6 at PageID 20.) However, the penalty provision's "knowingly" requirement does not apply to the jurisdictional element of the statute. *See Rehaif*, 139 S. Ct. at 2196. As a result, Movant's claim for relief fails.

### ii. Movant's Claims That He Is Actually Innocent and That His Plea Was Involuntary

Movant argues that he is actually innocent under *Rehaif* and that there is evidence in the record that shows he is actually innocent of violating § 922(g)(1). (ECF No. 6 at PageID 22.) He claims that knowledge of his status (presumably that, as a felon, he could not possess a firearm) was an essential element of the offense; that he did not enter his guilty plea intelligently; and that the Court did not have jurisdiction because his indictment failed to charge a valid federal offense. (*Id.* at PageID 44–45.) The Government does not address Movant's claim of actual innocence,[6] or the other *Rehaif* arguments in Movant's reply.

---

2614619, at *2 (6th Cir. Jan. 6, 2020) (quoting *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019)).

[6] This claim is arguably procedurally defaulted because Movant did not raise it on appeal. Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the defendant may raise the claim in a habeas proceeding, but only if the defendant can first demonstrate (1) either "cause" and "actual prejudice," or (2) that the constitutional error will result in the conviction of one who is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998). Because the Government does not address procedural default, the Court considers Movant's actual innocence claim as a freestanding claim. However, as the Court explains, he has not shown his actual innocence.

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying . . . criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Although the Supreme Court left open the possibility that a freestanding claim of actual innocence might be appropriate in a death penalty case, *id.* at 417, courts have not recognized freestanding actual innocence claims in non-capital cases. *See Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir. 2020) ("Our circuit, however, has 'repeatedly indicated that such [freestanding actual innocence] claims are not cognizable on habeas.'" (quoting *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007))).

This is not a capital case. And *Rehaif* is a matter of statutory interpretation, not a new rule of constitutional law made retroactive to cases on collateral review. *See Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020); *Cooper v. United States*, No. 19-3645, 2019 WL 7494402, at *2 (6th Cir. Dec. 12, 2019) (denying certificate of appealability where appellant had not shown that *Rehaif* was retroactive on collateral review); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *Wallace v. United States*, No. 3:19-CV-01122, 2020 WL 2194002, at *3 (M.D. Tenn. May 6, 2020) ("[Defendant]'s claim has no merit as *Rehaif* does not provide him relief in this collateral proceeding"), *appeal filed Wallace v. United States*, No. 20-5764 (6th Cir. July 7, 2020); *see also In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) ("*Rehaif* did not state a rule of constitutional law at all.") Movant's claims under *Rehaif*, even if they are based on the status element, do not provide him relief in this collateral proceeding. *See Moore v. United States*, No. 2:19-cv-2752-TLP-tmp, 2019 WL 4394755, at *1–2 (W.D. Tenn. Sept. 12, 2019) (defendant who pled guilty and accepted responsibility for his action had no right to collateral review of his conviction under *Rehaif*).

Plus, even if *Rehaif* provided relief on collateral review, the record does not demonstrate Petitioner's innocence of the § 922(g) conviction or further that his plea was unknowing or involuntary. *See United States v. Hobbs*, 953 F.3d 853, 857–58 (6th Cir. 2020) (where "no contemporaneous evidence suggests that he would have rejected the plea deal had the indictment contained the knowledge-of-status element," the defendant has not shown that there is a reasonable probability that he would not have entered his plea had he been told about the § 922(g) knowledge-of-status requirement). "Actual innocence means factual innocence," not just legal insufficiency. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley*, 523 at 623). But he has not presented any evidence suggesting that he did not know that he was a convicted felon when he pleaded guilty.

In fact, the Presentence Investigation Report ("PSR") from Movant's criminal case shows that Movant was convicted in state court for being a convicted felon in possession of a handgun. (*See* Cr. No. 18-20021, ECF No. 30 at PageID 81.) And his state court conviction establishes that he knew about his prohibited status. *See United States v. Lee*, No. 19-2054, 2020 WL 6441164, at *6 (6th Cir. Nov. 3, 2020) (finding that the defendant "had previously been convicted of being a felon in possession of a firearm, which is enough for a jury to infer that [the defendant] knew of his prohibited status."). Movant also has multiple felony convictions for the sale of cocaine and other controlled substances. (*See* Cr. No. 18-20021, ECF No. 30 at PageID 79.) So if Movant had gone to trial instead of taking a plea, the jury could have inferred his knowledge of his prohibited status from proof of these felony convictions. *See United States v. Conley*, 802 F. App'x 919, 924 (6th Cir. 2020).[7]

---

[7] At sentencing, the Court noted that Smith was "a convicted felon who was possessing a firearm" and that "[p]eople who have committed multiples crimes in the past give up their right to use guns in their daily lives." (Cr. No. 18-20021, ECF No. 36 at PageID 201.)

9

All in all, Movant cannot demonstrate that he had no knowledge of his prohibited status or that his plea was involuntary.

### iii. Movant's Claim That the Court Lacked Jurisdiction

Movant argues that his indictment was defective because it did not contain the knowledge-of-status element. (ECF No. 9 at PageID 49.) The Sixth Circuit has held that "a pre-*Rehaif* indictment that does not contain the knowledge-of-status element does not necessarily fail to properly charge a violation of 18 U.S.C. § 922(g)." *Lee*, 2020 WL 6441164, at *4; *United States v. Ward*, 957 F.3d 691, 694–95 (6th Cir. 2020). What is more, if Movant argues that his indictment failed to charge a crime, the Sixth Circuit has found that, even where the indictment fails to set forth the knowledge requirement under *Rehaif*, the omission did not seriously affect the fairness or integrity of the judicial proceedings given admissions, stipulations, and other evidence that the defendant did, in fact, commit the crime. *See United States v. Raymore*, 965 F.3d 475, 485–87 (6th Cir. 2020).

Plus, the Sixth Circuit has also held that a missing element in an indictment does not affect the court's subject matter jurisdiction. *United States v. Watson*, 820 F. App'x 397, 399 (6th Cir. 2020). And in *United States v. Hobbs*, the Sixth Circuit rejected the argument that the failure to allege the status element of § 922(g) in the indictment deprived the court of subject matter jurisdiction. 953 F.3d at 856–57.

In the end, Movant's claims that the Court lacks subject matter jurisdiction are without merit.

### APPELLATE ISSUES

Under 28 U.S.C. § 2253(c)(1), district courts must evaluate the appealability of a decision denying a § 2255 motion and whether to issue a certificate of appealability ("COA") "only if the

10

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. § 2253(c)(2), (3).  A movant makes a "substantial showing" when the movant shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  A COA does not require a showing that the appeal will succeed.  *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011).  Also, courts should not issue a COA as a matter of course.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

Here, for the reasons stated above, the § 2255 Motion is without merit and, therefore, Movant cannot present a question of some substance about which reasonable jurists could differ.  The Court therefore **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions.  *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status under Fed. R. App. P. 24(a).  *Kincade*, 117 F.3d at 952.  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also

provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the movant must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a) (4)–(5).

In this case, for the same reasons the Court denies a COA, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES**, under Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and the Court **DENIES** leave to appeal in forma pauperis. If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)–(5)).

## **CONCLUSION**

Movant's claims are without merit. His ineffective assistance of counsel claim fails because his counsel timely appealed and did not act unreasonably. And he does not make a valid claim under *Rehaif*. Movant's conviction and sentence are valid. And so, the Court **DENIES** his § 2255 Motion. The Court will enter judgment for the United States.

**SO ORDERED**, this 29th day of April, 2021.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE